IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DRAKE LAFAYETTE WILLIS<br>    ID # 15057233,<br>        Petitioner,<br>vs.<br><br>SHERIFF LUPE VALDEZ,<br>        Respondent. | )<br>)<br>)<br>) No. 3:16-CV-1466-M (BH)<br>)<br>) Referred to U.S. Magistrate Judge<br>) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Applicant's Motion to Abate Federal Petition*, received July 17, 2017 (doc. 29). Based on the relevant findings and applicable law, the motion should be denied.

### I. BACKGROUND

Drake Lafayette Willis (Petitioner) is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He filed a federal habeas petition on June 1, 2016, challenging his state conviction for aggravated sexual assault of a child. (*See* doc. 3). The respondent contends that two of Petitioner's claims are unexhausted and procedurally defaulted because he did not raise them on appeal or in his state habeas application. (*See* doc. 22 at 25-29). He now seeks to stay his federal petition and abate the case so that he may return to state court and attempt to exhaust those claims, which include ineffective assistance of counsel claims of failing to request a charge on the lesser included offense of indecency with a child and failing to investigate, present evidence, seek a competency hearing, or contact favorable witnesses for the defense. (*See* doc. 29 at 1-4.)

## II. STAY AND ABATE

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Petitioner has not met the *Rhines* standard. First, he has not shown good cause for his failure to exhaust. He filed a state habeas application challenging his conviction that was denied on the merits. *See Ex parte Willis*, WR-77,246-02 (Tex. Crim. App. January 30, 2013). His second state habeas application was dismissed as a subsequent application under Texas Code of Criminal Procedure art. 11.07, § 4. Although he seeks to return to state court in order to file another state habeas application, he has not explained why he did not raise these claim before.

Furthermore, under state law, neither the trial court nor the Court of Criminal Appeals may

2

consider the merits of a subsequent habeas application filed after a state habeas application challenging the same conviction has been decided, unless the subsequent application establishes that the factual or legal basis for the claim was unavailable on the date the prior writ was filed or that no rational juror could have found the applicant guilty beyond a reasonable doubt. Tex. Code Crim. Proc. art. 11.07 § 4. Here, the factual basis for Petitioner's claims of ineffective assistance of counsel arose at trial and was available when he filed his state habeas applications, and he has not alleged or shown that no rational juror could have found him guilty at trial on the basis of the alleged errors. It is therefore unlikely that the merits of a subsequent writ will be considered by the state courts and that he will be able to exhaust this claim.

Finally, Petitioner has not alleged or shown that his unexhausted claims are meritorious. He has not shown that he is entitled to a stay and abeyance under the standard set forth in *Rhines,* and his request should be denied.

### III. RECOMMENDATION

Petitioner's motion to abate should be **DENIED**.

**SIGNED this 18th day of July, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE