IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DRAKE LAFAYETTE WILLIS ) | |
| ID # 15057233, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:16-CV-1466-M (BH) |
| ) | |
| SHERIFF LUPE VALDEZ, ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice as barred by the statute of limitations.

**I. BACKGROUND**

Drake Lafayette Willis (Petitioner), an inmate currently incarcerated in the Dallas County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2009 conviction for aggravated sexual assault of a child in Cause No. F08-24020 in the 283rd Judicial District Court of Dallas County, Texas. He named the Dallas County Sheriff as the respondent because he was confined in the Dallas County Jail when he filed his petition. (*See* doc. 3 at 1.)

**A.    Trial and Appeal**

On June 2, 2008, the State indicted Petitioner for aggravated sexual assault of a child under fourteen years old in Cause No. F08-20420. (*See* doc. 23-1 at 5.)[1] He pleaded not guilty and was tried before a jury in the 283rd Judicial District Court of Dallas County, Texas, on April 29 - May

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1, 2009. The jury convicted him of aggravated sexual assault of a child, and the court assessed punishment at 40 years' imprisonment. (*See* doc. 23-1 at 53.) The judgment was affirmed on appeal. *See Willis v. State*, No. 05-09-00537-CR, 2010 WL 2509129 at *1-2 (Tex. App. - Dallas June 22, 2010). He did not file a petition for discretionary review.

**B.    State Habeas Proceedings**

Petitioner filed a state habeas application challenging his conviction that was signed on February 21, 2011, and received by the state court on March 4, 2011. (Doc. 24-12 at 11. 21.) He filed a motion for leave to file a petition for writ of mandamus, signed on January 23, 2013, and received by the Court of Criminal Appeals on January 28, 2013. (Doc. 25-10 at 4.) It claimed that he had sent another supplemental habeas application to the state court on December 8, 2011, but that it had not been acted upon. The Court of Criminal Appeals denied the habeas application on January 30, 2013. (Doc. 24-11 at 2); *see Ex parte Willis*, WR-77,246-02 (Tex. Crim. App. Jan. 30, 2013).

Petitioner filed a second state habeas application, signed on November 3, 2013, and received on January 14, 2014. (Doc. 25-15 at 6, 17.) On March 19, 2014, it was dismissed under Tex. Code Crim. Proc. art. 11.07 § 4 as a subsequent application. (*Id*. at 2); *see Ex parte Willis*, WR-77,246-09 (Tex. Crim. App. Mar. 19, 2014). After it was informed by the state court that the supplemental habeas application was never received, (doc. 25-9 at 4), the Court of Criminal Appeals denied the motion for leave to file the mandamus petition on May 14, 2014. (Doc. 24-20); *See Willis v. Dallas County District Clerk*, WR-22,246-07 (Tex. Crim. App. May 14, 2014).

Petitioner filed a second motion for leave to file a petition for writ of mandamus, signed on May 4, 2015, and received May 14, 2015. (Doc. 25-17 at 1.) He again alleged that he had sent a supplemental habeas application on December 8, 2011, that had not been acted upon. He filed a

2

third motion for leave to file a petition for writ of mandamus, signed on May 21, 2015, and received on June 1, 2015. (Doc. 26-12 at 1.) He claimed that he mailed a state habeas application that was signed on March 26, 2013, and that was file-stamped by the Dallas County District Clerk on April 4, 2013. (*Id*. at 21, 33.) On June 3, 2015, the Court of Criminal Appeals denied the second motion for leave to file a mandamus. (Doc. 25-16); *see Willis v. Dallas County District Court*, WR-77,246-10 (Tex. Crim. App. June 3, 2015).

On July 29, 2015, the district clerk issued a letter stating that there was no record of the March 26, 2013 habeas application. (Doc. 26-11.) After a hearing, the state court determined that the habeas application had been filed, but it could not be found and must have been misplaced. (Doc. 26-10 at 4.) It noted that the habeas application would be subject to dismissal as a subsequent application. (*Id*. at 9.) The Court of Criminal Appeals denied the third motion for leave to file a petition for writ of mandamus on April 13, 2016. (Doc. 25-18); *see Willis v. Dallas County District Clerk*, WR-77,246-11 (Tex. Crim. App. Apr. 13, 2016). Petitioner did not re-file the March 26, 2013 state habeas application that was found to have been misplaced.

**C.    Substantive Claims**

Petitioner's federal habeas petition, signed on May 24, 2016, challenges his conviction on the following grounds:

>   (1) The prosecutors suppressed the statements of the aunt to whom the victim denied that sexual assault occurred;
>
>   (2) The State withheld evidence of phone recordings where the victim denied that the sexual assault occurred and evidence of the mother's psychological evaluation ordered by the trial judge;
>
>   (3) Counsel was ineffective for failing to:
>
>       (a) request a jury instruction on indecency with a child by sexual contact;

>> (b) investigate, present evidence, seek a competency hearing, or contact favorable witnesses;
>
> (4) A juror withheld material information during voir dire and did not disclose the information until after the jury was selected.

(*See* doc. 3 at 6-7, 14.)  Respondent filed a response on October 14, 2016.  (Doc. 22.)

## II.  PROPER RESPONDENT

Because Petitioner was transferred to the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) after he filed this case, the Sheriff requested that the Director of the TDCJ-CID be substituted as the respondent.  (*See* doc. 10 at 3; *see also* doc. 11 (notice of change of address - TDCJ Middleton Unit).  Petitioner recently filed a notice of address showing that he is now incarcerated in the Dallas County Jail again.  (*See* doc. 32.)

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'."  *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; see also Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court."  542 U.S. at 434-35.  Because Petitioner is incarcerated in the Dallas County Jail, the Dallas County Sheriff is the proper respondent.

## III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act

4

substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.     Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final. The aunt testified at trial that the victim told her that the offense did not occur, but the victim denied telling her that. (*See* docs. 23-4 at 89; 23-5 at 52.) The state habeas record shows that Petitioner was aware of the telephone recordings where the victim denied that the assault occurred because he was part of those conversations. (*See* doc. 24-10 at 80, 94.) Counsel's failure to request a jury instruction and the evidence and witnesses contacted and presented by counsel were or should have been known at trial. Petitioner's claim regarding a juror was or should have been known by the time the judgment was entered, because he claims that the juror disclosed the relevant information after jury selection. His state conviction

5

therefore became final for purposes of § 2244(d) by the expiration of the thirty-day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on June 22, 2010, so the thirtieth day after that was July 22, 2010. He had until July 22, 2011, to file his federal habeas petition, absent any tolling of the statute of limitations.

B.     **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first state habeas application was signed and deemed mailed on February 21, 2011, and it was denied on January 30, 2013. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). The limitations period was tolled for 710 days while the first state application was pending, making his federal petition due no later than July 1, 2013. His second state habeas application was signed and deemed mailed on November 3, 2013. The limitations period had already expired, so he is not entitled to statutory tolling for that habeas application. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Nor did his petitions for writ of mandamus toll the limitations period. *See Kelley v. Stephens*, No. 3:15-CV-2000-D, 2015 WL 10372434 at *2 (N.D. Tex. Dec. 10, 2015) (statutory tolling is unavailable during the pendency of a petition for writ

6

of mandamus) (citing *Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002), *recommendation adopted*, 2016 WL 728812 (N.D. Tex. Feb. 24, 2016); *Carr v. Dretke*, No. 5:03-CV-330-C, 2004 WL 2041938 at *3 (N.D. Tex. Sept. 10, 2004); *see also Board of Pardons and Paroles ex rel. Keene v. Court of Appeals For the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final conviction."). Petitioner filed his § 2254 petition on May 24, 2016, the date that it was mailed.[2] It is therefore untimely.

## C. Equitable Tolling

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner filed a motion for leave to file a petition for writ of mandamus, signed on May 21, 2015, alleging that he mailed a state habeas application that was signed on March 26, 2013, and file-stamped by the Dallas County District Clerk on April 4, 2013. The district clerk stated that there was no record of that habeas application on July 29, 2015. Even if Petitioner is entitled to equitable tolling for the 856 days between March 26, 2013, and July 29, 2015, when it became known that there was no record of the habeas application, his federal petition would have been due on November 4, 2015. His federal habeas petition mailed on May 24, 2016, is still untimely. He has not shown that he was diligent, or that he is entitled to equitable tolling.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 22nd day of May, 2018**.

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                         */s/ Irma Carrillo Ramirez*
                         IRMA CARRILLO RAMIREZ
                       UNITED STATES MAGISTRATE JUDGE